## CASAVANT & CLOUTIER COMPANY *vs.* MIKE SMITH.

Kennebec.   Opinion September 9, 1916.

*Affidavits under Revised Statutes, Chapter 114, Section 2.   Writs.*

Action of assumpsit with capias writ, Casavant & Cloutier Company being named as the plaintiff or creditor.  The oath or affidavit which the Statute, R. S., ch. 114, sect. 8, required as a prerequisite to an arrest upon a writ was made by G. A. Cloutier, who described himself in the affidavit as "clerk of the Casavant & Cloutier Company, and its agent and manager." The Statute provides that such oath or affidavit may be made by an agent or attorney of the creditor.

Upon a motion to dismiss for want of sufficient affidavit,

*Held:*

1. That on a motion to dismiss, the statements in the affidavit must be taken to be true.

2. That it sufficiently appears on the face of the process that the Casavant & Cloutier Company, mentioned in the affidavit, is the creditor company named in the writ.

Defendant was arrested on a capias writ under Revised Statutes, chapter 114, section 2; writ returnable to superior court, Kennebec county.   Defendant's counsel filed motion that writ be quashed, alleging that the affidavit which was attached to said writ did not comply with the terms or wording of the statute.   Motion overruled.   Defendant filed exceptions.   Exceptions overruled.

Case stated in opinion.

*Benedict F. Maher,* for plaintiff.

*Williamson & McLean,* for defendant.

SITTING:  SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHIL-BROOK, JJ.

SAVAGE, C. J.  The statute, R. S., ch. 114, sect. 2, provides that under some conditions a debtor may be arrested on civil process, and held to bail, if the creditor, his agent or attorney makes oath

before a justice of the peace, to be certified by the justice on said process, that he has reason to believe and does believe that such debtor is about to depart and reside beyond the limits of the State, with property or means of his own exceeding the amount required for his immediate support, and that the demand sued or the principal part thereof, amounting to at least ten dollars, is due to him.

Such an oath was certified on the writ in this case and the defendant was arrested thereon. When the writ was returned to court he seasonably filed a motion to dismiss the action for want of a sufficient affidavit on the writ. The motion was overruled and the defendant excepted.

On a motion to dismiss for want of sufficient allegation or statement in the affidavit, the statements in the affidavit must be taken to be true so far as they go. *Hunter* v. *Heath,* 76 Maine, 219; *Rines* v. *Portland,* 93 Maine, 227; *Hurley* v. *South Thomaston,* 101 Maine, 538. The question, then, is whether the affidavit on the face of it is sufficient.

The affidavit in this case is questioned in only one particular. It reads, so far as we need to quote it, as follows: "I G. A. Cloutier, clerk of the Casavant & Cloutier Company and its agent and manager, make oath and say," etc. The statute prescribes that the oath may be made by an agent or attorney of the creditor. When the creditor is a corporation the oath must be by agent or attorney. The affiant describes himself as agent or attorney, and these words afford a presumption of his authority to make the oath. *Lewiston Coöp. Soc.* v. *Thorpe,* 91 Maine, 64.

In the writ the plaintiff is described as "Casavant & Cloutier Company, a corporation." And the contention of the defendant is that the words in the certificate "clerk of the Casavant & Cloutier Company, and its agent and manager" do not identify this company as the corporation, Casavant & Cloutier Company, which is the plaintiff. It is argued that the certificate leaves it uncertain whether the affiant was clerk of the plaintiff corporation, or, it might be, of a partnership of the same name, and that there should be some more definite connection, by reference, between the party named in the writ and the one named in the certificate.

We are unable to concur in this view. It is too narrow. It is true, as argued, that the provisions of the statute must be strictly com-

plied with. *Mason* v. *Hutchings,* 20 Maine, 77; *Bailey* v. *Carville,* 62 Maine, 524. And compliance must appear on the face of the certificate. Nothing required by statute is to be left to inference. And, of course, it must appear that the creditor named in the certificate is the creditor named in the writ. Though not specifically required by the statute, this must necessarily be so. Otherwise the process is not fair on its face. It does not show an oath by the creditor, or his agent or attorney.

Now in the first place, we think it sufficiently appears in the certificate that that Casavant & Cloutier Company was a corporation. Cloutier in the affidavit says he was "clerk of it, not a clerk employed by it." He says that he was *"its* agent and manager." This language is appropriate to a corporation, but not necessarily so to a partnership. And it should be so construed.

Here, then, we have a writ in which a corporation, Casavant & Cloutier, is plaintiff. Upon that writ it is certified that the affiant, Cloutier, is clerk, agent and manager of the Casavant & Cloutier Company, a corporation. The two designations in the same language are parts of the same process. To hold, under a motion to dismiss, that it does not thereby sufficiently appear that both designations refer to the same corporation would, we think, be putting too fine a point upon it. It is too technical. And technicalities are not favored.

*Exceptions overruled.*